**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| TYRELL DIVONNE SINGLETON<br>17 Mirasou Lane<br>Gaithersburg, MD 20878<br><br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br>THE DISTRICT OF COLUMBIA<br><br>Serve:<br><br>Mayor Muriel Bowser<br>1350 Pennsylvania Avenue<br>Washington, D.C. 20004<br><br>And<br><br>Serve:<br><br>Karl Racine<br>Attorney General<br>The District of Columbia<br>441 4th Street, NW<br>Washington, DC 20001<br><br>And:<br><br>PETER NEWSHAM<br>Chief of Police<br>District of Columbia<br>Metropolitan Police Department(MPD)<br>300 Indiana Ave., NW<br>Room 5114<br>Washington, DC 20001<br><br>And<br><br>OFFICER BRIAN O'SHEA<br>Metropolitan Police Department<br>300 Indiana Ave., NW | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

1

Room 5114  \*
Washington, DC 20001  \*

And

SERGEANT SOTELO
Metropolitan Police Department
300 Indiana Ave., NW
Room 5114
Washington, DC 20001

And

OTHER UNNAMED Metropolitan Police
Department Officers

                 Defendants

# COMPLAINT

## Introduction

1. This is an action for money damages brought against The District of Columbia and against, Officer Brian O'Shea and Sergeant Sotelo, The District of Columbia Metropolitan Police Department, other unnamed MPD officers in their individual capacities and against The District of Columbia.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person Tyrell Singleton, violating his rights under the First Amendment and Fourth Amendments of the Unites States

Constitution and that these defendants assaulted and battered Tyrell Singleton. It is further alleged that these violations and torts were committed as a result of policies and customs of District of Columbia.

3. Defendant Officer Brian O'Shea was an employee of The District of Columbia Metropolitan Police Department("MPD") and of The District of Columbia.

4. Defendant Sergeant Sotelo was an employee of MPD and the District of Columbia.

5. Plaintiff, Tyrell Singleton resident of Gaithersburg, MD, Montgomery County, Maryland.

## PARTIES

6. Defendant Officer Brian O'Shea was at all times relevant to this complaint a duly appointed and acting officer of MPD, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of The District of Columbia.

7. Defendant Sergeant Sotelo was at all times relevant to this complaint a duly appointed and acting officer of MPD of The District of Columbia regulations, policies, customs, and usages of The District of Columbia.

8. Other unnamed MPD police officers were at all times relevant to this complaint a duly appointed and acting officer of MPD of The District of Columbia regulations, policies, customs, and usages of The District of Columbia.

9. The District of Columbia is the public employer of the said officers.

10. Metropolitan Police Department employs and supervises said officers.

## FACTS

11. On or about May 31, 2020, Tyrell Singleton was attending a protest in Washington, D.C., following the arrest and murder of George Floyd on May 25, 2020.

12. On this day, Mr. Singleton was acting within his constitutional right of the people to peaceably assemble under the First Amendment of the United States Constitution.

13. Mr. Singleton sought cover after District of Columbia Officers (MPD) began spraying tear gas on the crowd of protestors outside of a Walgreens located at 801 7th Street, NW, Washington, DC 20001.

14. Mr. Singleton sought cover inside of the Walgreens from the tear gas and was then forcibly removed by Officer O'Shea, Sergeant Sotelo and other unnamed MPD officers who dragged Mr. Singleton through mounds of broken glass, hit him repeatedly with a baton, destroyed his phone and pinned him to the pavement after being put in handcuffs, by Metropolitan Police Officer Brian O'Shea, Sergeant Sotelo and other officers.

15. Despite Plaintiff's pleas, assurances, proof and evidence that he was peaceably protesting and was not committing any crimes, officers unlawfully restrained Plaintiff, assaulted and battered Plaintiff.

16. Defendant O'Shea then filed criminal charges against Plaintiff alleging Burglary II, Simple Assault and Resisting Arrest.

17. On or February 9, 2021, the The District of Columbia filed a Notice of Nolle Prosequi and dismissed the charges against Mr. Singleton.

18. MPD engages in a pattern or practice of conduct that violates the Constitution and federal laws. These violations include the following:

    a. Making unconstitutional stops, searches, and arrests, in violation of the Fourth and Fourteenth Amendments;

    b. Using excessive force, in violation of the Fourth Amendment.

    c. Retaliating against individuals engaging in constitutionally-protected expression, in violation of the First Amendment.

    d. Using enforcement strategies that disproportionately impact African Americans, in violation of Title VI, the Title VI implementing regulations, 28 C.F.R. §§ 42.101-112,

    e. Failing to make reasonable modifications to their practices regarding the use of force against individuals with disabilities, in violation of Title II.

18. MPD's violations of the Constitution and federal law are driven by MPD's practices – systemic deficiencies in policies, training, supervision, and accountability structures.

19. Defendants have been aware of these structural challenges for many years but have not taken adequate steps to comply with the Constitution and federal law.

20. MPD engages in a pattern or practice of discrimination, through its use of enforcement strategies and other practices, that violate Title VI which prohibit police practices that create an unjustified disparate impact based on race and other demographic factors.

23. These racial disparities are driven in part by deficient policies, training, supervision, and accountability.

24. MPD engages in a pattern or practice of using force that is objectively unreasonable under the circumstances in which the force is applied, including the threat posed by the suspect and the severity of the alleged underlying crime, in violation of the Fourth Amendment.

25. MPD uses ineffective tactics that escalate encounters, leading to the use of physical force when it is not necessary to resolve an incident.

26. MPD uses unreasonable force against people who present little or no threat

to them or others. For example, officers have used unreasonable force against individuals who are already restrained, who are fleeing away from officers or who are cooperating with officers and pose no danger.

27. MPD uses unreasonable force against juveniles without applying accepted tactics to account for the age and developmental status of the youth they encounter.

28. MPD uses unreasonable force against individuals with mental health disabilities.

## COUNT I

**(Violation of First Amendment Rights of the United States Constitution by Defendants The District of Columbia, Officer O'Shea, Sergeant Sotelo and Unnamed MPD Officers)**

29. Paragraphs 1-28 are incorporated herein by references as though fully set forth.

30. By the actions described above, including wrongfully restraining the plaintiff, dragging him through mounds of glass in handcuffs and hitting him repeatedly with batons, and not getting him proper medical attention, defendants deprived the plaintiff, Tyrell Singleton of the following clearly established constitutional rights as enunciated in the First Amendment of the United States Constitution. That defendant, The District of Columbia, is liable for all actions and violations of the First Amendment under the principles of the United States Constitution, for all actions of the defendants Officer O'Shea and Sergeant Sotelo, and the Metropolitan Police Department for District of Columbia for these violations while they were District of Columbia Police Officers. All defendants deprived Plaintiff, Tyrell Singleton

of the following clearly established constitutional rights as enumerated in the United States Constitution including but not limited to:

   a. Freedom of Speech;
   b. The Right of the people peaceably to assemble;
   c. Right to petition the Government for a redress of grievances.

31. As a direct and proximate result of the actions and conduct of Defendants District of Columbia, Officer Brian O'Shea and Sergeant Sotelo, Plaintiff suffered injuries to his knees, back, laceration injury and hand injuries, hospitalization, medical expenses, past, present, and future, other medical treatment and care, mental anguish, post-traumatic stress, loss of enjoyment, humiliation, embarrassment, shame, paranoid feelings, sleep disorder, anxiety and other injuries and damages.

WHEREFORE, plaintiff Tyrell Singleton demands judgment against defendants, District of Columbia, Officer O'Shea, Sergeant Sotelo and unnamed MPD officers, jointly and severally the sum exceeding $1,000,000.00 compensatory damages and $2,500,000.00 as punitive damages, plus interest from the date of the occurrence, attorneys' fees, and costs of this action.

## COUNT II

### (Violation of Civil Rights- 4TH Amendment)

32. The plaintiff Tyrell Singleton adopts and incorporates each allegation contained in Counts 1 and paragraphs 1 through 31 as if fully set forth herein.

33. That jurisdiction of this Court is obtained under Title 42, U.S.C. Section 1983 as defendants' Officer O'Shea, Officer Kevin Sotelo and unnamed MPD officers

actions were taken under the color of law and depriving the plaintiff of his civil and constitutional rights under the Fourth Amendment of the United States Constitution.

34. That defendants were acting under the color of law. Their use of excessive force during an arrest was clearly unreasonable under the Fourth Amendment, and that such conduct in dragging Singleton through mounds of broken glass, hit him repeatedly with a baton, destroyed his phone and pinned him to the pavement after being put in handcuffs causing head, facial, back, leg and other enumerated injuries, violated his Fourth Amendment Rights to be free from excessive force.

35. That Plaintiff Tyrell Singleton was entitled to be free from unreasonable use of force by defendants.

36. That defendants O'Shea, Kevin Sotelo and other unnamed MPD officers never gave Plaintiff any adequate or reasonable warning that he would be assaulted or apprehended by them nor did the defendants have any legal basis for their assault of plaintiff. Plaintiff was obeying their instructions to approach them yet they maliciously attacked him.

37. That when Plaintiff was intentionally taken to the ground by defendants Officer Kevin Sotelo, Officer O'Shea and other unnamed MPD officers improperly searched and seized the plaintiff in violation of his Fourth Amendment Rights by improperly handcuffing and arresting the plaintiff without any probable cause and maliciously prosecuted the plaintiff to justify their abuse of authority.

38. That as a direct and proximate result of the actions and conduct of defendants Officer O'Shea, Officer Sotelo, and other unnamed MPD officers Plaintiff , suffered injuries to his head and back, cervical and lumbar strain, closed facial injuries, suffer injuries to his back and knee, hospitalization, physical therapy, medical expenses, past, present, and future, other medical treatment and care, mental anguish, severe emotional distress, post-traumatic stress disorder, loss of enjoyment of life, humiliation, embarrassment, shame, paranoid feelings, sleep disorder, anxiety disorder, and other injuries and damages.

WHEREFORE, the plaintiff demands against defendants, Officer O'Shea and Officer Kevin Sotelo in the sum exceeding $1,000,000.00 compensatory damages and $2,500,000.00 as punitive damages, attorneys' fees, and costs of this action.

## COUNT III

### *Monell* Claim
**(The District of Columbia and Metropolitan Police Department)**

39. Tyrell Singleton, Jr., plaintiff repeats, re-alleges, and incorporates by reference the factual allegations of paragraphs 1 through 37of this Complaint as if fully set forth here.

40. The acts of The District of Columbia and Metropolitan Police Department, {"MPD) as set forth above, were pursuant to a custom, policy, and practice to discriminate through its use of enforcement strategies and other practices, that violate Title VI, which prohibit police practices that create an unjustified disparate impact based on race and other demographic factors.

9

41. MPD and The District engage in a pattern or practice of conduct that violates the Constitution and federal laws. These violations include the following:

   a.   Making unconstitutional stops, searches, and arrests, in violation of the Fourth and Fourteenth Amendments.
   b. Using excessive force, in violation of the Fourth Amendment.
   c. Retaliating against individuals engaging in constitutionally-protected expression, in violation of the First Amendment.

   d. Using enforcement strategies that disproportionately impact African Americans,  in violation of Title VI, the Title VI implementing regulations, 28 C.F.R.  §§ 42.101-112,

   e. Failing to make reasonable modifications to their practices regarding the use of  force against individuals with disabilities, in violation of Title II.

42. In furtherance of these customs, policies, and practices, The District of Columbia and MPD discriminated against, used excessive force against, arrested and retaliated against Plaintiff on May 30, 2020, when its officers', in furtherance of the customs, policies and practices violently dragged through broken glass Plaintiff throwing him to the ground and hitting him with a baton without cause or provocation.

43. That as a direct and proximate result of the actions, pattern, practice and conduct of The District and MPD, Plaintiff  suffered injuries to his head and back, cervical and lumbar strain, closed head injuries with severe post-traumatic headaches,  facial injuries, suffer injuries  to his back and  knee, hospitalization, physical therapy, medical expenses, past, present, and future, other medical

treatment and care, mental anguish, severe emotional distress, post-traumatic stress disorder, loss of enjoyment of life, humiliation, embarrassment, shame, paranoid feelings, sleep disorder, anxiety disorder, and other injuries and damages.

Wherefore, Plaintiff demands judgment against the MPD and the District, jointly and severally:

a. In an amount in excess of $1,000,000.00,

b. For all legal and equitable relief available pursuant to 42 U.S.C. § 1983,

c. For reasonable attorney's fees,

d. For litigation expenses and costs of suit.

### Count IV
### Battery by Individual Defendants

44. Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45. By the actions described above, defendants Officer Brian O'Shea, Sergeant Sotelo and other unnamed MPD officers who were then and there acting within the scope of their employment, intentionally touched plaintiff by grabbing Plaintiff, dragging Plaintiff through mounds of glass and hitting plaintiff repeatedly with batons. Defendant Officer O'Shea further acted deliberately in dragging Plaintiff and hitting Plaintiff repeatedly with his baton. The defendants used force without proper causes, as there were many reasonable alternatives other than using brute force. Further, the actions by defendants

Officer O'Shea and Sergeant Sotelo constituted the use of excessive force and a multiple battery.

46. The defendants' Officer O'Shea and Sergeant Sotelo's actions on May 30, 2020 in deliberately grabbing Plaintiff, restraining Plaintiff while he was unarmed posing no threat of harm or bodily injury constituted an intentional and illegal touching. There was no probable cause that warranted the use of this conduct. Such actions by the defendant officers constituted the use of excessive force and a multiple battery.

47. The defendants' Officer O'Shea, Sergeant Sotelo's and other unnamed MPD officers' actions in deliberately grabbing Plaintiff while he was unarmed and dragging Plaintiff on the ground, constituted an intentional and illegal touching. There was no probable cause that warranted the use of this conduct. Such actions by the defendant officers constituted the use of excessive force and a multiple battery.

48. The aforementioned touching by the defendant Officer Brian O'Shea, Sergeant Sotelo and other unnamed MPD officers was harmful, offensive, was not the use of reasonable force, and constituted actual malice.

49. As a direct and proximate result of the actions and conduct of the defendants Officer O'Shea, Sergeant Sotelo and other unnamed MPD officer's, the plaintiff Tyrell Singleton suffered injuries, medical expenses, past, present, and future, other medical treatment and care, mental anguish, loss of enjoyment of life, humiliation, embarrassment, shame, paranoid feelings, sleep disorder, anxiety and other injuries and damages.

WHEREFORE, plaintiff Tyrell Singleton demands judgment against defendants, The District of Columbia, Officer Brian O'Shea and Sergeant Sotelo, jointly and

severally in the sum in excess of $1,000,000.00 as compensatory damages and Five-Hundred Thousand Dollars ($2,500,000.00) as punitive damages, plus attorney's fees and costs of this action.

### Count V

**False Arrest and Illegal Imprisonment against Individual Defendant**

50. Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.
51. Defendants Officer O'Shea, Sergeant Sotelo and unnamed MPD officers, acting as officers of the Metropolitan Police Department, within the scope of their employment, without just cause, probable cause, or other reason, maliciously and actively procured and instigated straddling and restricting plaintiff's movement and dragging him on the ground, engaged in intentional restriction of the freedom of the plaintiff Tyrell Singleton.
52. This false imprisonment and detention were made without any legal reason or probable cause to believe the plaintiff was in fact guilty of any criminal conduct, and more particularly was a dangerous and committed a crime.
53. Such false imprisonment and detention were made without proper investigation, study, diligence, honesty or basis.
54. The aforementioned actions of the defendants were done with actual malice without proper right to do so.
55. Defendants Officer O'Shea, Sergeant Sotelo and unnamed MPD officers forced plaintiff, Tyrell Singleton to submit to such detention, imprisonment, indignities, and humiliation resulting there from, entirely against his will.
56. Plaintiff was intentionally restricted of his freedom during these outrageous and unjustifiable events.

57. As a direct and proximate result of the actions and conduct of Officer O'Shea Sergeant Sotelo and unnamed MPD officers, the plaintiff Tyrell Singleton suffered injuries, medical expenses, past, present, and future, other medical treatment and care, mental anguish, loss of enjoyment of life, humiliation, embarrassment, shame, paranoid feelings, sleep disorder, anxiety and other injuries and damages.

   WHEREFORE, plaintiff Tyrell Singleton demands judgment against defendants, District of Columbia, jointly and severally in excess of $1,000,000.00 as compensatory damages and $2,500,000.00 as punitive damages, plus attorney's fees and costs of this action.

## COUNT VI
### Malicious Prosecution

58. Plaintiff, Tyrell Singleton, adopts and incorporates every allegation claimed in counts 1 through V, and paragraphs 1 through 57 as fully set forth herein.
59. On or about May 30, 2020, Defendants Officer O'Shea, Officer Sergeant Sotelo and other unnamed MPD officers committed multiple batteries against plaintiff, falsely imprisoned him, arrested him, and immediately maliciously prosecuted him for alleging committing crime(s) that they knew he had not committed, to justify and/or cover-up their professional misconduct.
60. Following the defendants' battery of plaintiff, Defendants Officer O'Shea and Sergeant Sotelo and/or supported a false incident-offense report that made them appear to be the victim of assault/battery or being placed in fear of their safety by plaintiff which was compounded by defendant filing a criminal complaint against plaintiff and defendant Officer O'Shea willingly and

knowingly permitting such a falsely represented complaint to go forward on or about June 1, 2020.

61. On or about February 9, 2021, the District of Columbia filed a Government's Notice of Nolle Prosequi and dismissed the charges.

62. The record(s) clearly show that the criminal proceeding was done in the absence of probable cause, with malice or a primary purpose of instituting a criminal proceeding other than that of bringing plaintiff to justice.

63. Plaintiff had not committed a crime, but he became the victim of the very same people citizens expect to protect our liberties—officers of the law.

64. As a direct and proximate result of the actions and conduct by the defendants, plaintiff, Tyrell Singleton, suffered emotional distress, mental anguish, loss of enjoyment of life, humiliation, embarrassment, shame, sleep loss and other injuries and damages.

WHEREFORE, plaintiff Tyrell Singleton demands judgment against defendants, District of Columbia, Officer Brian O'Shea and Sergeant Sotelo, jointly and severally in an amount exceeding $1,000,000.00 as compensatory damages and $2,500,000.00 as punitive damages, plus attorney's fees and costs of this action.

## Count VII

### Intentional Infliction of Emotional Distress

65. Plaintiff, Tyrell Singleton adopts and incorporates each and every allegation contained in Counts I through VI and paragraphs 1 through 64 as fully set forth herein.

66. The defendants' actions severally and jointly from May 30th, 2020 or the date they set into motion the battery and containment/subsequent false

imprisonment, false arrest, malicious prosecution of the plaintiff, were done intentionally and/or recklessly.

67. The defendants' conduct was extreme and outrageous considering among other factors that the plaintiff was lawfully protesting under his First Amendment rights. Plaintiff was violently attacked on May 30th, 2020, falsely arrested and subsequently maliciously prosecuted by defendants Officer O'Shea and Sergeant Sotelo in an effort to justify their misconduct.

68. As a direct and proximate result of the actions of defendants, plaintiff suffered severe emotional distress, anxiety and other physical and psychological injuries.

WHEREFORE, plaintiff Tyrell Singleton demands judgment against defendants, District of Columbia, Officer Brian O'Shea and Sergeant Sotelo, jointly and severally in an amount exceeding $1,000,000.00 as compensatory damages and $2,500,000.00 as punitive damages, plus attorney's fees and costs of this action.

## COUNT VIII

**(Negligence- Officer Brian O'Shea, Sergeant Sotelo and unnamed MPD officers)**

69. The plaintiff Tyrell Singleton adopts and incorporates each allegation contained in Counts 1 through VII and paragraphs 1 through 68 as if fully set forth herein.

70. That the combatant conduct of Officer Brian O'Shea and Sergeant Sotelo and other unnamed officers of MPD towards the plaintiff when they were investigating the protests on May 30, 2020 and their detention and arrest of Plaintiff.

71. The defendants owed an ordinary duty of care to the plaintiff which among other things requires that they interview the parties of an alleged incident, witnesses, and investigate before drawing their own conclusions as to who is at fault.  Moreover, defendants are not to use force [reasonable, excessive or deadly] unless it is reasonably necessitated by the prevailing circumstances.   Plaintiff was an amiable cooperative civilian complying with the orders of the defendants before they attacked him.  To justify their negligent and illegal conduct the defendants arrested the plaintiff and subjected him to criminal prosecution which ultimately culminated in the criminal charge(s) being dismissed.

72. The defendants breached their duty of ordinary care required of professional police officers and mandated by MPD.   Police officers have a duty to both enforce the law and to obey the law.  Defendants knew or should have known that their attack of an unarmed, amiable, cooperating civilian did not authorize them to beat him down and place him under arrest and subjecting him to criminal prosecution.

73. That as a direct and approximate cause of the defendants' breach of ordinary care in investigating a complaint and their attendant negligent conduct, Plaintiff suffered head injuries, back injury, knee injury, emotional and mental anguish as well as other psychological and physical harm.

74. Wherefore the plaintiff demands judgment against demands judgment against defendants, The District of Columbia, Officer Brian O'Shea and Sergeant Sotelo, jointly and severally in an amount exceeding $1,000,000.00 as compensatory damages, plus costs of suite and attorney's fees.

## COUNT IX

**(Negligence – Metropolitan Police Department)**

75. The plaintiff adopts and incorporates each allegation contained in Counts I through VIII and paragraphs 1 through 74 as fully set herein.

76. That the tortious conduct of defendants Officer O'Shea, Sergeant Sotelo and other unnamed MPD officers exhibited on May 30, 2020 which resulted in Plaintiff being illegally assaulted by Officers O'Shea, Sergeant Sotelo and other unnamed MPD officers and being unjustifiably criminally prosecuted represents a long pattern of the MPD's negligence in properly supervising the conduct of its police officers when policing the African-American community and encountering African- American civilians.

77. The MPD breached its ordinary standard of care to the African-American communities as well as to Hispanic communities in the proper training and supervision of its police officers, including and specifically defendants Officer O'Shea, Sergeant Sotelo and other unnamed MPD officers in the proceeding areas: a) freedom from the use of excessive force and unreasonable force, b) freedom from the deprivation of liberty without due process, c) freedom from illegal detention, d) freedom from unreasonable search and seizures; and 5) freedom from unreasonable use of police power.

78. The MPD breached of this duty of ordinary care is a direct and proximate cause of the severe pain and suffering sustained by the plaintiff.

Wherefore, plaintiff Tyrell Singleton demands judgment against defendants, The District of Columbia, Officer Brian O'Shea and Sergeant Sotelo, and other unnamed MPD officers jointly and severally in an amount exceeding $1,000,000.00 as compensatory plus costs of suit and attorney's fees.

## JURY TRIAL PRAYER

Plaintiff requests a trial by jury on all issues.

Respectfully submitted,

_____
Damani K. Ingram, Esq.
Bar No: MD26320
The Ingram Firm, LLC
5457 Twin Knolls Road
Suite 301
Columbia, MD 21045
e-mail:dkingram@ingfirm.com
Phone: (410) 992-6603
Fax: (410) 992-6671
*Attorney for Plaintiff*